UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Bryan Edward Crenshaw,

    Petitioner,

vs                                               Criminal Case No: 14-20109
                                                   Civil Case No: 15-14268

United States of America,

    Defendant.

_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. §2255 TO VACATE SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY [DOC 25] AND DENYING MOTION FOR LEAVE TO AMEND MOTION TO VACATE, SET ASIDE OR CORRECTION SENTENCE [DOC 35]

       Petitioner, Bryan Crenshaw, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #25). Crenshaw says his trial counsel was ineffective for failing to order an independent medical/psychological evaluation. He state that he suffers from significantly reduced mental capacity, including "cognitive impairment and volitional impairment." Crenshaw also says he has a learning disability and was last evaluated "over ten years ago."

       Crenshaw says a medical/psychological expert should have provided testimony at his sentencing hearing and that he wasn't taking his prescribed medicine at the time of his sentencing hearing. He also argues counsel failed to argue that he was "non-violent" as the basis for a sentencing downward departure. Beyond these broad headings, Crenshaw supplies no facts to support his allegations of ineffective assistance of counsel. When sentenced, Crenshaw had already been convicted of

1

possessing child pornography; he faced a ten year mandatory minimum sentence, which is the sentence he received on December 15, 2014.

Crenshaw seeks to be resentenced after he is evaluated medically and psychologically.

## I. The Motion States No Facts Entitling Petitioner to Relief

To comply with the Rules governing Section 2255 cases, Petitioner must supply the court with allegations to support his claims. Otherwise, the Section 2255 motion is legally insufficient. *Green v Wingo*, 454 F.2d 52, 53 (6th. Cir. 1972)

Beyond the brief summary set forth above, Crenshaw does not say what his cognitive and "volitional impairments" are, that have caused a significant reduced mental capacity; what the prescribed medicine he was supposed to be taken has to do with an ineffective assistance of counsel claim, and what impact his attorney's failure to argue his non-violent nature could possibly have had on his mandatory ten year sentence.

Courts in this circuit routinely deny 2255 motions when they are conclusory and deficient as Crenshaw's is: *Phelps v United States*, 2007 WL 2109244 at *6 (E.D. Tenn. 2007); *Hereford v United States*, 2007 WL 470414, at *6 (E.D.Tenn. 2007); *Bailey v United States*, 2014 WL 3735995, at *5 (E.D. Tenn 2014).

## II. Even If The Court Considered Petitioner's 2255 Motion On Its Merits, He Fails to Show Prejudice

To be successful on a habeas petition, a defendant must demonstrate deficient performance by his attorney and that he was prejudiced by the performance, *Strickland v Washington*, 466 U.S. 668, 687 (1984).

Crenshaw seeks to be resentenced. Even if he could show that his lawyer was ineffective, Crenshaw received the mandatory minimum sentence of ten years. His sentence could not be lower. He fails to show prejudice.

Crenshaw's Motion is **DENIED**.

Crenshaw also filed a Motion for Leave to Amend Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. 2255 [Doc 35]. The motion is 29 pages of quotes from cases and statutes and makes no sense.

The Motion is **DENIED.**

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  June 8, 2016

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Bryan Edward Crenshaw by electronic means or U.S. Mail on June 8, 2016.

s/Linda Vertriest
Deputy Clerk

3